IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **JEFFREY LAMONT POOL,** § | |
| No. #17358/AI5626, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00027-O-BP |
| § | |
| **DAVID DUKE, Sheriff,** § | |
| **Wichita County Sheriff's Office,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Jeffrey Lamont Pool pursuant to 28 U.S.C. § 2254. (ECF No. 1). After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as moot and for failure to exhaust state remedies.

**Background**

Petitioner is an inmate confined in the Wichita County Jail in Wichita Falls, Texas, and brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). At the time he filed this petition, Petitioner was awaiting trial on two counts of aggravated robbery in the 30th District Court of Wichita County, Texas, in Case No. 59,746-A. Before arriving in Texas, Petitioner had been incarcerated at the Coyote Ridge Corrections Center ("CRCC"), in Connell, Washington for a separate state criminal conviction. (ECF No. 1-1 at 7–8).

In April 2017, the state of Washington became aware that Petitioner had pending felony charges in Texas. (*Id.* at 16). The extradition process was initiated, and CRCC staff presented

extradition papers to Petitioner to obtain his consent for extradition to Texas. (*Id.*). On multiple occasions, CRCC staff attempted to obtain Petitioner's signature. Petitioner refused to sign the papers and instead chose to challenge extradition through a grievance process initiated on July 23, 2017 where he complained that CRCC staff was harassing him to sign the papers. (*Id.* at 15). The grievance process went through three steps and concluded on November 9, 2017 when Assistant Secretary Eleanor Vernell denied his grievance. (*Id.* at 17). Next, an extradition hearing was held on December 7, 2017 with participation by the Petitioner who was represented by counsel. (*Id.* at 9). By order on detainer dated December 14, 2017, the Franklin County District Court of Washington ordered, pursuant to the Interstate Agreement on Detainers Act, that Petitioner be made available to the state of Texas for trial on pending charges in Texas. (*Id*. at 9–10). Undeterred, Petitioner filed an "emergency appeal" of the court's order with the Court of Appeals of the State of Washington, challenging the legality of his extradition toTexas. The Court of Appeals denied his appeal because he failed to file it first with the district court before initiating review. (*Id.* at 18). Petitioner was subsequently transferred to Texas to face charges in Case No. 59,746-A in the 30th District Court of Wichita County, Texas.

While in Texas, Petitioner filed a state habeas corpus application in cause no. 187,799-A on February 2, 2018 again challenging his extradition. (ECF No 21-14 at 1). After a hearing, the trial court denied Petitioner's application on March 21, 2018. (*Id.* at 8). He then filed an appeal, which was also dismissed on August 16, 2018. *See Ex parte Pool*, No. 02-18-00124-CR, 2018 WL 3968782 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.) (mem. op.) (concluding that the appellate court did not have jurisdiction because Petitioner's pretrial habeas proceeding was barred by precedent). Petitioner filed the instant petition for writ of habeas corpus on February 28, 2018 while his state court habeas petition was pending. A review of the state court docket shows that

Petitioner was sentenced in the Wichita County case on August 22, 2018, and he has a pending appeal that was filed on October 11, 2018.

The pending petition contests the extradition process followed by the Washington state district court. Petitioner alleges that the extradition order is illegal because it was entered (1) without a governor's warrant; (2) without his consent or signature; (3) in violation of his right to effective counsel; (4) in violation of his right to a speedy trial; and (5) as an act of conspiracy between the Washington Department of Corrections and the district court judge. (ECF No. 1 at 6–7). The Respondent filed an answer to the petition on August 6, 2018, and the Court ordered Petitioner to reply by September 5, 2018. (ECF No. 20, 22). Petitioner failed to timely reply. Petitioner complains that all of the documents Respondent filed were not delivered to him. But Respondent's notice to Petitioner states that the documents are available to Petitioner and advises Petitioner that he can check out the documents in 50-page increments. (ECF No. 21). Petitioner makes no claim that he does not have access to the documents. He only complains that they were not delivered to his person. (ECF No. 23). Thus, the petition is ripe for disposition.

## Legal Standards and Analysis

Article III of the Constitution limits jurisdiction of federal courts to actual "cases" and "controversies." U.S. CONST. art. III, § 2. A moot case presents no Article III case or controversy, and a federal court has no constitutional jurisdiction to resolve the issues presented in such a matter. *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citing *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999)). A petitioner cannot maintain a habeas corpus action for a completed extradition because there is no relief the court can afford the petitioner. *See Edwards v. Bowles*, 109 F. App'x 704 (5th Cir. 2004) (dismissing petitioner's habeas corpus action on appeal because petitioner already had been extradited) (citing *Schlang v. Heard*, 691 F.2d 796, 799 & n.6 (5th

Cir.1982)); *see also Briley v. Louisiana*, No. CIV.A. 14-0591, 2014 WL 3809740, at *1 (W.D. La. Aug. 1, 2014); *Moore v. Mississippi*, 1:04CV378MPM-JAD, 2006 WL 1626573, at *2 (N.D. Miss. May 2, 2006). Thus, Petitioner's pending petition attacking his extradition to Texas is moot and should be dismissed without prejudice.

Moreover, pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. At the time his petition was filed, he had a separate state habeas corpus application pending in the trial court. That petition was subsequently denied and appealed to the Second District Court of Appeals in Fort Worth. The appellate court denied his petition in *Ex parte Pool*. A review of the state court appellate docket confirms that the Petitioner has not filed an appeal of the denial of his habeas corpus application to the Texas Court of Criminal Appeals. *See* TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa =coscca&s=cat (search Trial Court Case No: 187,799-A). Thus, Petitioner was required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. §

2254(b)(1)(A); *Booker v. Taft*, No. 7:03-CV-263-R, 2004 WL 1253410, at *1 (N.D. Tex. June 8, 2004) (stating the exhaustion requirements for a petitioner challenging extradition).

Accordingly, because Petitioner has failed to exhaust his state remedies, his Section 2254 petition should be dismissed without prejudice.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice as moot and for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 12, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6